UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT P. DIXON, JR.,            )
                                 )
            Plaintiff,           )
                                 )
       v.                        )  Civil Action No. 03-2577 (RJL)
                                 )
U.S. DEPARTMENT OF JUSTICE,      )
                                 )
            Defendant.           )

## MEMORANDUM OPINION AND ORDER

This action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on defendant's motion for summary judgment. Upon consideration of the parties' submissions and the entire record, the Court will grant the motion in part and deny it in part.

### I. BACKGROUND

Plaintiff challenges responses to his FOIA requests made to three Department of Justice components, namely, the Executive Office for United States Attornes ("EOUSA"), the Drug Enforcement Administration ("DEA"), and the Bureau of Prisons ("BOP"). The following facts are taken from Defendant's Statement of Undisputed Material Facts ("Deft's Facts") and supporting declarations.

By letter of March 9, 2003, plaintiff requested from the EOUSA records pertaining to the grand jury proceedings in his criminal case prosecuted in the Eastern District of Louisiana. EOUSA withheld responsive records in their entirety under FOIA exemption 3.



By letter of March 19, 2003, plaintiff requested from DEA records "pertaining to his indictment, conviction, and incarceration, and all investigative information/data and reports of his alleged involvement in a conspiracy on or before June 4, 1999." Deft's Facts ¶ 8. By letter of May 9, 2003, DEA released 66 redacted pages of information and withheld 24 pages in their entirety. It cited FOIA exemptions 2, 7(C), 7(D), 7(F), *see* 5 U.S.C. § 552(b), and Privacy Act exemption (j)(2), *see* 5 U.S.C. § 552a, as the bases for its withholdings.[1] By letter of November 24, 2003, plaintiff amended his initial request to include specifically enumerated records, including fingerprint analysis transcripts, "investigative transcripts" and "documentation" of the conspiracy "on or before June 4, 1999 to the present." Deft's Facts ¶ 11. Plaintiff also stated that he did not want the names of agents, confidential sources, or unindicted targets or witnesses. By letter of May 20, 2004, DEA informed plaintiff that it had released all non-exempt records in response to the March 2003 request. It further informed plaintiff that its South Central Laboratory was conducting a search for records responsive to his request for fingerprint analysis transcripts. By letter dated June 21, 2004, DEA released to plaintiff six redacted pages. It withheld information under FOIA exemptions 7(C) and 7(F), and Privacy Act exemption (j)(2).

By letter of February 4, 2004, plaintiff requested from BOP a copy of his inmate central file, including records contained in the "FOI Exempt" section. By letter of April 27, 2004, BOP informed plaintiff that he could arrange with prison staff to review "the releasable portion of his Central File." Deft's Facts ¶ 52. BOP released eight pages of information in their entirety and 18 pages with redactions. It withheld 40 pages of information in their entirety. *Id.* BOP withheld

---

[1] Although the Privacy Act is not at issue, it, in any event, does not bar disclosure of documents required to be disclosed under the FOIA. 5 U.S.C. § 552a (b)(2); *see Greentree v. United States Customs Serv.*, 674 F.2d 74, 79 (D.C. Cir. 1982).

2

information under FOIA exemptions 7(C) and 7(F). By letter of February 19, 2004, plaintiff requested records pertaining to his complaint to BOP's Office of Internal Affairs about staff harassment and retaliation. By letter of August 30, 2004, BOP released 68 pages in their entirety and 21 pages with redactions. It withheld information under FOIA exemptions 2, 6, 7(C) and 7(F).

## II. STANDARD OF REVIEW

The FOIA requires a federal agency to release all records responsive to a request. This Court has jurisdiction under the FOIA "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). On complaint, the agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. Central Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978), *cert. denied*, 445 U.S. 927 (1980) (internal citation and quotation omitted); *see also Maydak v. Department of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (government has the burden of proving each claimed FOIA exemption).

The Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad

faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In addition, when, as here, documents are withheld in their entirety, the district court has an "affirmative duty" to consider whether nonexempt information could have been segregated from exempt information and released. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d 1022, 1027 (D.C. Cir. 1999) (internal citations omitted).

### III. DISCUSSION

1. <u>Withheld Records</u>

Plaintiff only refutes defendant's withholding of records under exemption 3. He therefore has conceded defendant's bases for all other withholdings. Having reviewed defendant's supporting declarations, the Court finds that it is entitled to judgment as a matter of law on the uncontested issues except as they relate to record segregability discussed below.

Defendant applied exemption 3 of the FOIA to withhold in their entirety records responsive to plaintiff's request for "Grand Jury Testimony and the Grand Jury Proceedings . . . used to indict me June 7, 1999." Declaration of David Luczynski ("Luczynski Decl."), Exhibit A. Exemption 3 protects records that are "specifically exempted from disclosure by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3); *see also Senate of the Commonwealth of Puerto Rico v. U. S. Department of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

Rule 6(e)(2)(B) of the Federal Rules of Criminal Procedure, upon which defendant relies, qualifies as a statute because it was affirmatively enacted by Congress. *See Fund for Constitutional Government v. National Archives and Records Service,* 656 F.2d 856, 867-68 (D.C. Cir. 1981). Under this rule, government attorneys and other listed participants are prohibited from disclosing "matters occurring before [a] grand jury." Fed. R. Crim. P. 6(e)(2)(B); *see In re: Motions of Dow Jones & Co., Inc.,* 142 F.3d 496, 498-501 (D.C. Cir. 1998). While acknowledging the existence of a "grand jury exception" to the general disclosure requirements of the FOIA, the Court of Appeals for the District of Columbia Circuit has limited the exception to material, which, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of the Commonwealth of Puerto Rico v. U.S. Department of Justice,* 823 F.2d at 582 (*quoting SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1382 (D.C. Cir. 1980)(en banc)). Clearly, transcripts of grand jury testimony are protected from disclosure. Moreover, information "used to indict me" would necessarily reveal aspects of the investigation and deliberations exemption 3 is designed to protect. Defendant avers that records "identified as grand jury materials [], if released, would impermissibly reveal the scope of the grand jury and the direction of the investigation by providing the identities of the targets . . . the source of evidence . . . [and] the actual evidence produced before the grand jury." Luczinski Decl. ¶ 12.

In his opposition, plaintiff appears to argue a public domain exception. *See* Plaintiff's Response to Department of Justice's Undisputed Material Fact and Executive Office of United States Attorney Declaration and Request for Stay ("Pltf's Opp.") at 2. While the government

may not rely on a FOIA exemption to withhold information that has been "officially acknowledged" or is in the "public domain," *Afshar v. Department of Justice*, 702 F.2d 1125, 1130-34 (D.C. Cir. 1983), the plaintiff has the initial burden of showing prior disclosure by "point[ing] to 'specific' [publicly disclosed] information identical to that being withheld." *Davis v. United States Department of Justice*, 968 F.2d 1276, 1279 (D.C. Cir. 1992) (*quoting Afshar* at 1130); *see accord Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). Plaintiff asserts that the grand jury "material was totally disclosed in 1999, the year Plaintiff was indicted." Pltf's Opp. at 2. He has not, however, proffered any supporting evidence and therefore has failed to present a triable issue on defendant's otherwise proper justification for withholding grand jury material in its entirety.

2. Segregability of Records

In addition to the grand jury material, which, by its nature, could not be reasonably segregated, defendant withheld 24 pages of DEA records and 40 pages of BOP records in their entirety. The Court therefore must determine the propriety of these withholdings notwithstanding plaintiff's concessions. *See Trans-Pacific Policing Agreement v. United States Customs Service*, 177 F.3d at 1027. The Court is satisfied from the descriptions of the withheld DEA records, *see* Declaration of Leila I. Wassom ("Wassom Decl.") ¶¶ 44-56, 84, 92, and the considerations given to redacting them that defendant properly justified withholding the DEA records in their entirety under the assigned exemptions. Specifically, Ms. Wassom avers that redaction was considered but then rejected because "the information concerning plaintiff was so intertwined with other exempt information that release of the sentences relating to plaintiff would

likely enable someone with knowledge of the facts to discern the identities of the confidential sources or the third parties." *Id.* ¶ 106.

The BOP records are described as 40 pages of National Crime Information Center ("NCIC") printouts of third-party individuals. Declaration of Linda Nutt ¶ 17 (attached to Deft's Ex. 4, Declaration of Wilson J. Moorer). They were withheld under exemption 7(C) on the basis that disclosure "would constitut[e] an unwarranted invasion to whom the documents pertain." *Id.* Exemption 7(C) "ordinarily permits the Government to withhold only the specific information to which it applies [*i.e.*, third-party identifying information], not the entire page or document in which the information appears." *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000). Entire records are exempt from disclosure only when it is shown that "the exempt and nonexempt information are 'inextricably intertwined,' such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value." *Id.* (*quoting Neufeld v. IRS*, 646 F.2d 661, 666 (D.C. Cir. 1981)). Ms. Nutt does not aver that she reviewed the printouts for segregability and thus has not explained why any third-party identifying information could not be redacted and the remaining information released. Mr. Moorer's general statement about record segregability, *see* Moorer Decl. ¶ 16, does not suffice under Fed. R. Civ. P. 56(e) with respect to the NCIC records because it appears that he has no first-hand knowledge about their processing. The Court therefore will deny defendant's motion as to its withholding of the BOP records in their entirety and direct supplementation of the record. Accordingly, it is this ___19th___ day of September 2005,

ORDERED that defendant's motion for summary judgment [# 33] is granted in part and denied in part; and it is

7

FURTHER ORDERED that within 30 days of this Order, defendant shall supplement the record with evidence justifying its withholding of the NCIC documents in their entirety under exemption 7(C) and, if appropriate, renew their motion for summary judgment, or release any non-exempt information to plaintiff.

_____
Richard J. Leon
United States District Judge

Date: 9/19/05